UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AGSC MARINE INSURANCE CO., as
subrogee of Ray Anthony International,
LLC,

    Plaintiff,

v.                                            Case No. 8:12-cv-474-T-30TGW

SPECTRUM UNDERGROUND, INC., a
Florida corporation,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Spectrum Underground, Inc.'s Motion to Dismiss Amended Complaint (Dkt. 8) and Plaintiff AGSC Marine Insurance Company's Response in opposition (Dkt. 10). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

This negligence and breach of contract action arises from the overturn and constructive total loss of a crane owned by the subrogor, Ray Anthony International, LLC ("Ray Anthony"), and insured by the Plaintiff/subrogee of Ray Anthony, AGSC Marine Insurance Company ("AGSC").

According to the amended complaint, on or about January 13, 2011, Ray Anthony and Defendant Spectrum Underground, Inc. ("Spectrum") entered into a contract for the lease of a crane. AGSC was the insurer of the crane and Ray Anthony was the insured. On or about January 14, 2011, the crane, which was at all times positioned and operated at the direction of Spectrum's employees or agents, overturned and fell into a reservoir.

AGSC alleges that the failure of the ground or soil supporting the crane's outrigger and the resulting overturn of the crane were directly and proximately caused by Spectrum's negligence. AGSC alleges that it paid Ray Anthony the sum of $750,000 (less the insured's deductible), plus the expense of post-loss surveys and investigation. AGSC alleges that it is subrogated to the rights and interests of Ray Anthony to pursue recovery of these damages against Spectrum, the party responsible for the damages.

The breach of contract claim alleges that Spectrum breached its contract with Ray Anthony by failing to inspect and/or test the ground or soil where the crane was to be situated, and by failing to remedy the underlying inadequate soil conditions as required under the terms of the contract.

Spectrum moves to dismiss AGSC's amended complaint based on the following grounds: (1) failure to join an indispensable party; (2) violation of Florida's "made whole" doctrine; (3) failure to state a cause of action for subrogation; and (4) failure to attach a copy of the contract at issue.

For the reasons stated below, Spectrum's motion is denied.

**DISCUSSION**

**I.      Failure to Join an Indispensable Party**

Spectrum argues that, in the subrogation context, both an insurer and the insured must be named plaintiffs in a suit seeking damages from a third-party tortfeasor. Spectrum focuses on the fact that AGSC, the insurer, paid a portion of Ray Anthony's damages. Spectrum acknowledges that the joinder of Ray Anthony would destroy diversity jurisdiction.

Spectrum's argument overlooks federal law, which makes it clear that, although the insurer and insured are both real parties in interest, they both are not indispensable parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Indeed:

> Even where the insurer has paid only part of the insured's loss, however, giving both insurer and insured real stakes in the outcome, "[t]hey are clearly not 'indispensable' parties" within the meaning of Fed.R.Civ.P. 19. *Aetna,* 338 U.S. at 382 & n. 19, 70 S.Ct. 207 (discussing original Rule 19); *see also Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 117 n. 12, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (1966 amendment to Rule 19 cured "'defective ... phrasing'" and did not alter its underlying principles (quoting Fed.R.Civ.P. 19 Advisory Committee Note (1966))). Thus, where the insurer has not fully compensated the insured for its loss, "either party may sue" without the presence of the other. *Aetna,* 338 U.S. at 381, 70 S.Ct. 207. In such a case, if joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of the action, the court may properly proceed in accordance with Rule 19 to adjudicate the rights of the suing plaintiff alone; the consequence is that the defendant "may have to defend two or more actions on the same tort." *Aetna,* 338 U.S. at 382, 70 S.Ct. 207.

*St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 81 (2d Cir. 2005) (citing *U.S. v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949)).

In sum, Spectrum's argument that Ray Anthony is an indispensable party is contrary to a line of authorities which hold that the insured is not an indispensable party to a federal court action brought by a partially subrogated insurer, especially when joinder would deprive the court of subject matter jurisdiction. *See Aetna,* 338 U.S. at 382; *St. Paul Fire*, 409 F.3d at 81; *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 36 F. Supp. 2d 560, 572 (E.D.N.Y. 1999); *Arkwright-Boston Manufacturers Mutual Ins. Co. v. City of New York*, 1984 WL 1263, at *2-*3 (S.D.N.Y. Nov. 21, 1984) (citing cases).

Accordingly, this argument in favor of dismissal fails.

## II.  Violation of Florida's "Made Whole" Doctrine

Spectrum argues that Florida's "made whole" doctrine precludes a subrogated insurer from maintaining an action against a third-party tortfeasor where the insured has not been fully compensated for its loss. Under Florida law, an insured may assert the "made whole" doctrine as a defense to protect the insured's direct recovery from a tortfeasor, where the insured's insurer makes a subrogation claim upon the insured's recovery and the tortfeasor cannot (because of insolvency or other reasons) pay the full value of damages. In other words, the defense provides the insured with priority of recovery over the insurer. *See Schonau v. GEICO General Ins. Co.*, 903 So. 2d 285, 287 (Fla. 4th DCA 2005) (citing *Florida Farm Bureau Ins. Co. v. Martin,* 377 So. 2d 827, 828-30 (Fla. 1st DCA 1979)).

Here, as AGSC points out, Florida's "made whole" doctrine does not preclude a subrogation action by an insurer against the tortfeasor; the rule applies to cases involving an

insurer-insured dispute. Moreover, Spectrum does not have standing to invoke the rule. Accordingly, this argument in favor of dismissal fails.

### III.   Failure to State a Subrogation Claim

Curiously, Spectrum argues that AGSC fails to state a cause of action for subrogation. A review of the amended complaint, however, demonstrates that AGSC asserts causes of action for negligence and breach of contract. In other words, a separate "subrogation" cause of action is unnecessary.[1] Accordingly, this argument in favor of dismissal fails.

### IV.   Failure to Attach the Contract

Spectrum's final argument in favor of dismissal is that AGSC did not attach the contract to the amended complaint in support of its breach of contract claim. Although this failure would result in a dismissal, without prejudice, of the breach of contract claim under Florida law (*see* Fla.R.Civ.P. 1.130), the Federal Rules of Civil Procedure, which apply to this case, do not have an analogous requirement. Thus, this argument is without merit and fails.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Spectrum Underground, Inc.'s Motion to Dismiss Amended Complaint (Dkt. 8) is DENIED.

---

[1] Although, as AGSC points out, the allegations do assert the basis for its subrogated rights and interests.

2. Defendant Spectrum Underground, Inc. shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-474.mtdismiss8.frm